## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

Matco Tools Corporation,                      Case No. 5:19cv641

                              Petitioner,

        -vs-
                                              JUDGE PAMELA A. BARKER

Emanuel Aguilera, et al.,

                              Respondents.    MEMORANDUM OPINION AND
                                              ORDER

This matter is before the Court upon Petitioner Matco Tools Corporation's Petition to Compel Arbitration pursuant to Section 4 of the Federal Arbitration Act.  (Doc. No. 1.)  Petitioner filed a Brief in support of its Petition on September 9, 2019, in response to which Respondents Simon Goro, Emanuel Aguilera, and Rocio Aguilera filed a Brief in Opposition on October 9, 2019.  (Doc. Nos. 17, 18.)  Petitioner filed a Reply Brief on October 23, 2019, and supplemental authority and briefing was submitted in November 2019.  (Doc. Nos. 19, 20, 21, 22, 23.)

For the following reasons, Petitioner's Petition to Compel Arbitration is DENIED.

## I.    Background

### A.    The Parties' Distributorship Agreements

Petitioner Matco Tools Corporation (hereinafter "Petitioner" or "Matco") markets mechanic repair tools, diagnostic equipment, and toolboxes.  (Decl. of Mike Swanson ("Swanson Decl.") (Doc. No. 17-1) at ¶ 4.)  Matco is a Delaware corporation with its principal place of business in Stow, Ohio. Matco's corporate headquarters and executive offices are located in Ohio, and its administrative functions (e.g., finance, human resources, payroll) are performed from its Ohio headquarters.  (*Id*. at ¶ 3.)

Matco contracts with franchisees who sell Matco's products through "mobile stores."  (*Id.* at ¶ 4.)  Matco franchisees must agree to the terms of the Matco Distributorship Agreement, which "gives individual business owners the right to display the Matco brand on a 'mobile store,' to purchase from Matco and sell Matco branded products, and to otherwise take advantage of the reputation for quality and innovation that Matco has worked to create over the past sixty years." (*Id.*)

On June 25, 2018, Respondent Simon Goro entered into a Distributorship Agreement with Matco.  (Doc. No. 1-1.)  Respondents Emanuel and Rocio Aguilera (who are husband and wife) executed a Distributorship Agreement with Matco on that same date.[1]  (Doc. No. 1-2.)   Mr. Goro and the Aguileras aver that they are long-time residents of the State of California.  (Decl. of Emanuel Aguilera ("Aguilera Decl.") (Doc. No. 18-12) at ¶ 4; Decl. of Simon Goro ("Goro Decl.") (Doc. No. 18-15) at ¶ 4.)  In addition, Mr. Goro and Mr. Aguilera each aver that, with the exception of a 10 day training period in Ohio, "all of [their] work as a Matco distributor was performed within the state of California."  (Goro Decl. at ¶ 5; Aguilera Decl. at ¶ 5.)

The Distributorship Agreements contain the following provisions relevant to the instant dispute.  The first is an arbitration provision, located at Section 12.1 of the parties' Agreements:

> **12.1      Arbitration**.  Except as expressly provided in Section 12.5 of  this Agreement,[2]  all breaches, claims, causes of action, demands, disputes and controversies (collectively referred to as "breaches" or "breach") between  the Distributor,  including his/her Spouse, immediate family members, heirs, executors, successors, assigns, shareholders, partners or guarantors, and Matco, including its employees, agents, officers or directors and its parent, subsidiary or  affiliated

---

[1] Matco alleges that, although Ms. Aguilera is not herself a distributor, she signed the Distributorship Agreement and is, therefore, "bound individually by all terms of the Distributorship Agreement."  (Doc. No. 1 at ¶ 9.)

[2] Section 12.5 of the Agreement states that disputes and controversies relating to the following are not subject to arbitration: (1)  Matco's trademarks, (2) the immediate termination of the Agreement under Section 11.5 of the Agreement, and (3) enforcement of the covenants not to compete contained in the Agreement.  *See, e.g*., Doc. No. 1-2 at PageID# 178.

companies, whether styled as an individual claim, class action claim, private attorney general claim or otherwise, arising from or related to this Agreement, the offer or sale of the franchise and distribution rights contained in this Agreement, the relationship of Matco and Distributor, or Distributor's operation of the Distributorship, including any allegations of fraud, misrepresentation, and violation of any federal, state or local law or regulation, will be determined exclusively by binding arbitration on an individual, non-class basis only in accordance with the Rules and Regulations of the American Arbitration Association ("Arbitration"). The Arbitration and any Arbitration award shall be maintained by the parties as strictly confidential, except as is otherwise required by law or court order, or as is necessary to confirm, vacate or enforce the award, and for disclosure in confidence to the parties' respective attorneys and tax advisors.

(Doc. No. 1-1 at PageID# 139; Doc. No. 1-2 at PageID# 176.) In a separate provision (Section 12.7), the Distributor "expressly waives any right to arbitrate or litigate as a class action or in a private attorney general capacity." (Doc. No. 1-1 at PageID# 142; Doc. No. 1-2 at PageID# 179.)

In addition, the Agreements contain the following provision regarding venue and jurisdiction:

**12.10 Venue and Jurisdiction**. Unless this requirement is prohibited by law, all arbitration hearings must and will take place exclusively in Summit or Cuyahoga County, Ohio. All court actions, mediations or other hearings or proceedings initiated by either party against the other party must and will be venued exclusively in Summit or Cuyahoga County, Ohio. Matco (including its employees, agents, officers or directors and its parent, subsidiary or affiliated companies) and the Distributor (including where applicable the Distributor' s Spouse, immediate family members, owners, heirs, executors, successors, assigns, shareholders, partners, and guarantors) do hereby agree and submit to personal jurisdiction in Summit or Cuyahoga County, Ohio in connection with any Arbitration hearings, court hearings or other hearings, including any lawsuit challenging the arbitration provisions of this Agreement or the decision of the arbitrator, and do hereby waive any rights to contest venue and jurisdiction in Summit or Cuyahoga County, Ohio and any claims that venue and jurisdiction are invalid. In the event the law of the jurisdictions in which Distributor operates the Distributorship require that arbitration proceedings be conducted in that state, the Arbitration hearings under this Agreement shall be conducted in the state in which the principal office of the Distributorship is located, and in the city closest to the Distributorship in which the American Arbitration Association has an office. Notwithstanding this Article, any actions brought by either party to enforce the decision of the arbitrator may be venued in any court of competent jurisdiction.

(Doc. No. 1-1 at PageID# 143-144; Doc. No. 1-1 at PageID# 179-180.)  Finally, Section 13.3 provides that "[s]ubject to . . . the parties' rights under the Federal Arbitration Act under Section 12 above, this Agreement will be governed by and construed in accordance with the laws of the State of Ohio, and the substantive law of Ohio will govern the rights and obligations of and the relationship between the parties."  (Doc. No. 1-1 at PageID# 144; Doc. No. 1-1 at PageID# 181.)

Mr. Goro and Mr. Aguilera operated Matco distributorships in California until their Agreements were terminated in November 2018.  (Swanson Dec. at ¶ 9, 10.)  During their distributorships, Mr. Goro and Mr. Aguilera purchased tools by placing orders with Matco's corporate offices in Ohio, which they then sold to customers in California.  (*Id.*)

### B.  Respondents filed a lawsuit against Matco in California State Court

On December 7, 2018, Respondents herein, on behalf of themselves and all others similarly situated, filed a Complaint against Matco in the Superior Court of the State of California, County of Alameda.  (Doc. No. 1-5.)  Therein, Respondents alleged that they (and other putative class members)[3] were misclassified as independent contractors and should have been treated as Matco employees.  (*Id.* at ¶¶ 2-5, 17-27.)  Respondents alleged claims under California state law for (1) failure to reimburse expenses; (2) unlawful deductions from wages; (3) failure to provide accurate wage statements; (4) failure to pay overtime; (5) failure to provide meal periods; (6) failure to provide rest breaks; (7) failure to pay wages when due; (8) unfair business practices; and (9) usury.  (Doc.

---

[3] The Complaint sought to certify: (1) a class of individuals who entered into distributor agreements with Matco and who personally performed work as distributors in California, and, who were not classified as employees, between December 7, 2014 and the present (the "Distributor Class"); (2) a class of individuals in California who co-signed a distributor agreement as a "spouse" or other similar title and who performed work for the distributorship in California, and, who were not classified as employees, between December 7, 2014 and the present (the "Spouse Class"); and (3) a sub-class consisting of all members of the Distributor Class who obtained loans, notes or other financing from Defendant with interest rates above ten percent (10.0%) (the "Usury Sub-Class").  (Doc. No. 1-5 at ¶¶ 2-4, 33-34.)

4

No. 1-5.) Among other things, Respondents sought treble damages for alleged violations of California's usury law and attorney's fees.[4] (*Id.*)

Matco removed Respondents' lawsuit to the United States District Court for the Northern District of California on January 18, 2019. *See Aguilera, et al. v. Matco Tools Corporation*, Case No. 4:19cv321 (N.D. Cal.) On March 11, 2019, Matco filed a Motion to Dismiss or Transfer Venue. *Id.* at Doc. No. 16. Therein, Matco argued that "Plaintiffs Simon Goro, Emanuel Aguilera and Rocio Aguilera ('Plaintiffs') executed distributor agreements with Matco which contain binding provisions requiring arbitration of their claims in Ohio." *Id.* at p. 1. Matco asserted that "[b]ecause this Court cannot order the parties to arbitrate in Ohio, Matco respectfully requests an order, pursuant to the doctrine of *forum non conveniens*, dismissing Plaintiffs' Complaint, or, in the alternative, transferring this matter to the U.S. District Court for the Northern District of Ohio, so that Matco may file a petition to compel arbitration in Ohio." *Id.*

On March 22, 2019, Goro and the Aguileras filed a Stipulated Request for Dismissal without Prejudice, which was signed by counsel for both parties. *Id.* at Doc. No. 17. *See also* Doc. No. 17-2 at PageID# 604-606, herein. The Stipulation was entered, and the case was dismissed, on March 26, 2019. *See* Docket Sheet, *Aguilera, et al. v. Matco Tools Corporation*, Case No. 4:19cv321 (N.D. Cal.).

---

[4] In addition, on December 19, 2018, Respondents submitted a Notice of Intention to pursue a claim against Matco under the California Private Attorneys General Act, California Labor Code Section 2698 et seq., to the California and Workforce Development Agency. (Doc. No. 1-6.) Therein, Respondents alleged violations of numerous California Labor Code Sections, including Sections 201, 202, 203, 210, 216, 225.5, 226.3, 226.7, 510,512, 558, 1174, 1194, 1194.2, 1198, 1199, 2802 and 2698. (*Id.*) Respondents requested that "the Labor and Workforce Development Agency ("LWDA") initiate investigation with respect to the aforementioned violations." (*Id.*) Respondents indicated that "[i]f the LWDA declines to pursue enforcement, [Respondents herein] will pursue these claims on behalf of themselves and all other current and former Distributors and Distributors' Spouses performing work for Matco under a Distributor Agreement or similar documents in California." (*Id.*)

**C.      The Instant Lawsuit and Petitioner's Demand for Arbitration before the AAA**

On March 25, 2019 (three days after the filing of the Stipulated Request for Dismissal but one day before the court entered the Stipulation and dismissed the case), Matco filed, in this Court, a Petition to Compel Arbitration Pursuant to Section 4 of the Federal Arbitration Act, against Goro and the Aguileras.  (Doc. No. 1.)  In its sole claim for relief, Matco alleges as follows:

> 32. Respondents, and each of them, voluntarily agreed to the terms of the Distributorship Agreements, including the arbitration provisions.

> 33. All of the claims alleged by Respondents in their initial lawsuit against Matco, and, in their notice to the California Labor and Workforce Development Agency, fall within the scope of the arbitration provisions, which require that, with limited exceptions not applicable here, any and all claims arising from the Distributorship Agreements or Respondents' relationships with Matco be decided through mandatory arbitration in Summit County or Cuyahoga County in the State of Ohio.

> 34. Respondents filed their Complaint in the Superior Court for the State of California, County of Alameda, in violation of the arbitration provisions in the Distributorship Agreements. Further, Matco is informed and believes that Respondents intend to pursue claims that likewise fall within the scope of the arbitration provisions because they arise from the Distributorship Agreements, or, Respondents' relationships with Matco, in a subsequent lawsuit to be filed in court in California.

(*Id*. at ¶¶ 32-34.)  Matco requested that the Court issue an Order "compelling the arbitration of any and all claims by Respondents that are within the scope of the arbitration provisions in the Distributorship Agreements in Summit County or Cuyahoga County in the State of Ohio."  (*Id*. at p. 10.)

Matco filed a Brief in support of its Petition on September 9, 2019, in response to which Respondents filed a Brief in Opposition on October 9, 2019.  (Doc. Nos. 17, 18.)  Matco then filed a Reply Brief on October 23, 2019, and supplemental authority and briefing was submitted in November 2019.  (Doc. Nos. 19, 20, 21, 22, 23.)

Meanwhile, in June 2019, before Matco's Petition in the instant case was fully briefed, Matco submitted arbitration demands before the American Arbitration Association ("AAA") in Ohio against Respondents herein, i.e., Mr. Goro and the Aguileras.  (Doc. No. 25-1 at p.3.)  *See also* Decl. of Erick Lloyd ("Lloyd Decl.") (Doc. No. 17-2) at ¶ 6.  In these arbitration proceedings, Matco sought the recovery of amounts relating to Respondents' alleged failure to pay on their respective promissory notes.  (Doc. No. 25-1 at p.3.)  In response, Respondents contested the validity of the Distributorship Agreement arbitration provision.  (*Id.*)

### D.      Respondents file suit against Matco in the Southern District of California

On August 21, 2019 (while both the instant action and the AAA proceedings were ongoing), Goro and the Aguileras filed a Complaint against Matco in the United States District Court for the Southern District of California.  *See Aguilera v. Matco Tools Corp*., Case No. 3:19cv1576 (S.D.Cal.)  Therein, Goro and the Aguileras asked the court to "enter a declaratory judgment finding that the Distributorship Agreements between Plaintiffs and Matco referenced by and included in this Complaint do not contain enforceable arbitration or forum selection agreements, and . . . enjoin Matco from proceeding with arbitration against Plaintiffs in Ohio." *Id*. at Doc. No. 1, ¶ 7.   The Complaint also asserted a violation of California's unfair competition law based on Matco's efforts to "enforce arbitration and forum selection clauses . . . that are illegal and otherwise violate California public policy."  (*Id*. at ¶ 69.)

On October 10, 2019, Matco filed a motion to dismiss for lack of jurisdiction and failure to state a claim in Respondents' California federal district court action.  (*Id*. at Doc. No. 10.)  Matco sought dismissal based on (1) the first-to-file rule, (2) lack of jurisdiction because the Distributorship Agreement allegedly delegated issues of arbitrability to an arbitrator, and (3) the failure to state a

7

claim on the unfair competition, restitution, and injunctive claims for relief.  (*Id*.)  Goro and the Aguileras opposed the motion, and Matco replied.  (*Id*. at Doc. Nos. 16, 17).

Goro and the Aguileras then filed a motion for preliminary injunction on December 27, 2019, which Matco opposed. (*Id*. at Doc. Nos. 18, 30.)  Subsequently, on January 13, 2020, Goro and the Aguileras filed an *ex parte* application for a temporary restraining order, or in the alternative, for an order shortening time on their motion for preliminary injunction.  (*Id.* at Doc. No. 24.)  Matco opposed the *ex parte* application.  (*Id*. at Doc. Nos. 28).

On January 31, 2020, Southern District of California District Judge Anthony Battaglia granted Goro and the Aguileras' Motion for TRO and temporarily enjoined Matco from arbitrating its claims against Goro and the Aguileras in the AAA proceedings in Ohio.  (*Id*. at Doc. No. 31.)  *See also* Doc. No. 24-1, herein.  In his Order, Judge Battaglia noted that "this TRO does not affect the parties' proceeding before the Northern District of Ohio."  (*Id*. at p. 14.)

Six weeks later, on March 12, 2020, Judge Battaglia issued an Order (1) granting in part and denying in part Matco's motion to dismiss; and (2) granting Goro and the Aguileras' motion for preliminary injunction.  *See Aguilera, et al., v. Matco Tools Corp.*, 2020 WL 1188142 (S.D. Cal. Mar. 12, 2020).  *See also* Doc. No. 25-1, herein.  With regard to Matco's motion to dismiss, the court granted the motion as to Goro and the Aguileras' unfair competition claim and request for injunctive relief, to the extent those claims pertained to, or were premised on, Matco's lawsuit in the Northern District of Ohio.[5]  *Id*. at * 7-8.  The court also granted Matco's motion with respect to Goro and the

---

[5] With regard to Goro and the Aguileras' request for injunctive relief, the court concluded as follows:  "But while this Court may conclude that forcing Plaintiffs to arbitrate would cause irreparable harm, and may generally enjoin Matco from arbitrating in Ohio, Plaintiffs do not provide any authority stating that a district court may enjoin a party from proceeding in another district court."  *Id*. at * 8.

Aguileras' request for restitution.  *Id.*  However, the Court rejected Matco's argument that Goro and

the Aguileras' lawsuit was barred under the first-to-file rule, explaining as follows:

> A federal district court has discretion to dismiss, stay, or transfer a case to another
> district court under the first-to-file rule. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678
> F.2d 93, 94–95 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622,
> 628 (9th Cir. 1991). The rule is primarily meant to alleviate the burden placed on the
> federal judiciary by duplicative litigation and to prevent the possibility of conflicting
> judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750
> (9th Cir. 1979) (citations omitted). Courts analyze three factors in determining
> whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of
> the parties; and (3) similarity of the issues. *Schwartz v. Frito–Lay N. Am.*, No. C-12-
> 02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing *Alltrade*, 946
> F.2d at 625).
>
> Here, even if the foregoing three elements are met, the Court is persuaded by
> Plaintiffs' argument that an exception should apply to preclude application of the first-
> to-file rule. "The most basic aspect of the first-to-file rule is that it is discretionary."
> *Alltrade,* 946 F.2d at 628. The first-to-file rule "is not a rigid or inflexible rule to be
> mechanically applied," and in certain circumstances "even though the requisite factors
> for the rule's application have been met, courts nonetheless decline to follow its
> dictates." *Pacesetter*, 678 F.2d at 95. Additionally, "[t]he circumstances under which
> an exception to the first-to-file rule typically will be made include bad faith,
> anticipatory suit, and forum shopping." *Alltrade*, at 628,. "Generally, a suit is
> anticipatory when the plaintiff files suit upon receipt of specific, concrete indications
> that a suit by the defendant is imminent." *Youngevity Int'l, Inc. v. Renew Life
> Formulas, Inc*., 42 F. Supp. 3d 1377, 1383 (S.D. Cal. 2014).
>
> Plaintiffs argue the anticipatory suit exception applies because Matco anticipatorily
> filed suit in the Northern District of Ohio, and specifically mentioned in their petition
> to compel arbitration: "Matco is informed and believes that [Plaintiffs] intend to
> violate the Distributorship Agreements, again, by filing another lawsuit against Matco
> in California." (Doc. No. 16.) Plaintiffs also allege Matco agreed in bad faith to
> voluntarily dismiss Plaintiffs' claims in the Northern District of California, purely
> with the intent to engage in forum shopping, and bring Plaintiffs' claims in Ohio. (*Id*.
> at 24.) Matco, on the other hand, states the anticipatory suit exception should not apply
> because Matco had no notice of any "specific, concrete indications" that a suit by
> Plaintiffs was imminent. (Doc. No. 6 at 19.)
>
> **Matco's position is unavailing. Matco's argument before this Court that it did
> not have "specific, concrete indications" that Plaintiffs was [sic] going to file suit
> cannot be reconciled with Matco's representation to the Ohio district court that
> it believed Plaintiff was going to file another lawsuit in California. The two**

9

**positions are clearly contradictory. Additionally, it would be inequitable in this situation to apply the first-to-file rule in favor of the Ohio forum because Matco seeks to arbitrate in Ohio claims Plaintiffs *brought first* and voluntarily dismissed in California. As such, the Court exercises its discretion to disregard the first-to-file rule**. *See Alaris Med. Sys. Inc. v. Filtertek Inc*., No. CIV. 00-CV-2404-LAJB, 2001 WL 34053241, at *3 (S.D. Cal. Dec. 20, 2001).

*Id*. at * 5 (bold added, italics in original). The court declined to address Matco's alternative argument that the *forum non conveniens* doctrine warranted dismissal or transfer. *Id*. at * 8.

The court then granted Goro and the Aguileras' motion for preliminary injunction. *Id*. at * 9. First, the court found that Goro and the Aguileras were likely to succeed on the merits of their arguments that (1) the parties' Distributorship Agreement is unenforceable due to inclusion of a Private Attorneys General Act ("PAGA")claim waiver; and (2) the forum selection clause contained in the parties' Agreement is invalid under California Business and Professions Code § 20040.5.[6] *Id*. The court then found that Goro and the Aguileras would suffer irreparable harm without the issuance

---

[6] In this regard, the court relied, in part, on a recent ruling in *Fleming v. Matco Tools Corp.*, 384 F.Supp.3d 1124 (N.D. Cal. 2019), which was filed by John Fleming (on behalf of himself and others similarly situated) on January 25, 2019 in the Northern District of California. In that case, Fleming asserted that Matco misclassified him and other distributors as independent contractors, rather than employees. *Id*. at 1127. Matco moved to dismiss or transfer the case pursuant to a forum selection clause in the parties' Distributorship Agreement, which is substantially similar to the clause in Goro and the Aguileras' Distributorship Agreement. The district court denied the motion on May 3, 2019, holding the arbitration and forum selection clauses in Fleming's Distributorship Agreement invalid. *Id*. at 1133-1137. Specifically, the *Fleming* court held the Federal Arbitration Act ("FAA") did not preempt Cal. Bus. & Prof. Code § 20040.5, which bars non-California forum selection clauses in franchise agreements. *Id*. at 1137. Additionally, the court found that the arbitration provision containing the forum selection clause was invalid because it contained a Private Attorneys General Act waiver, which triggered a "blow up" provision invalidating the arbitration provision. *Id*. at 1133. On June 4, 2019, Matco filed a petition for writ of mandamus with the Ninth Circuit, on the issue of whether the district court properly determined the validity of the arbitration provision before ruling on the enforceability of the forum selection clause set forth in the arbitration provision. On October 25, 2019, the Ninth Circuit denied the petition, affirming the district court's decision. *In re Matco Tools Corp*., 781 Fed. Appx 681 (9th Cir. 2019). The Ninth Circuit held that the district court "did not err— much less clearly so—in considering the validity of the franchise agreement's arbitration provision." *Id*. at 682. The Ninth Circuit also held that the district court followed "binding Ninth Circuit precedent" in concluding that: (1) "Matco and Fleming did not agree to arbitrate their dispute under the plain terms of their contract," (2) absent a valid arbitration provision, the FAA does not preempt Cal. Bus. & Prof. Code § 20040.5, and (3) the forum selection clause was unenforceable. *Id*. Matco filed a petition for rehearing *en banc*, which was denied by the Ninth Circuit on January 3, 2020. On March 29, 2020, Matco filed a petition for writ of *certiorari* with the United States Supreme Court, which remains pending as of the date of this decision. *See Matco Tools Corp. v. United States District Court for the Northern District of California*, Case No. 19-1187 (U.S. Sup. Ct.).

of a preliminary injunction because "not only may Plaintiffs be forced to arbitrate claims they already dismissed, Plaintiffs will suffer irreparable injury and abridgement of their rights and remedies under California law." *Id.* at * 11. The court also concluded that the balance of hardships "tip[ped] sharply in favor of Plaintiffs as California residents," and that the issuance of a preliminary injunction furthered the public's interest "in ensuring that parties are not forced to arbitrate under invalid arbitration provisions." *Id.*

Accordingly, the court granted Goro and the Aguileras' motion for preliminary injunction and enjoined Matco from "arbitrating any claims against [them] under the 'Distribution Agreement' including in any arbitration proceeding in the State of Ohio." *Id.* at * 12. The docket indicates that this action currently remains pending before Judge Battaglia. *See Docket for Aguilera, et al. v. Matco Tools Corp.*, Case No. 3:19cv1576 (S.D. Cal.).

## II.     Standard of Review

The Federal Arbitration Act ("FAA") provides that an arbitration clause in "a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "This provision establishes 'a liberal federal policy favoring arbitration agreements'" and "requires courts to enforce agreements to arbitrate according to their terms." *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA also "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Mercury Constr. Corp.,* 460 U.S. at 24-25.

11

The FAA further provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  If the court finds that a party's claims are referable to arbitration, the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.  However, "[i]f all the claims in the case are within the scope of the arbitration agreement and 'there is "nothing left for the district court to do but execute judgment," dismissal [of the case] is appropriate.'" *Stachurski v. DirecTV, Inc*., 642 F. Supp. 2d 758, 764 (N.D. Ohio 2009) (quoting *Ewers v. Genuine Motor Cars, Inc*., 2008 WL 755268, at *7 (N.D. Ohio Mar. 19, 2008)).

In determining whether to compel arbitration, courts must apply a four-pronged test: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be arbitrated; and (4) if the court concludes that some, but not all, of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration.  *See Stout v. J.D. Byrider*, 228 F.3d 709, 712 (6th Cir. 2000).  *See also Uszak v. AT & T, Inc*., 2015 WL 13037500, at *3 (N.D. Ohio Oct. 6, 2015).

## III.   Analysis

Matco argues that the arbitration provision in the parties' Distributorship Agreement is valid and enforceable.  It asserts that Respondents were offered and accepted the Agreement and that they received valuable consideration in the form of a license and operations plans which they could use to open their own businesses.  (Doc. No. 17 at p. 5.)  Matco further argues that Respondents' claims fall

12

within the scope of the arbitration clause because that clause is broadly worded and "the claims alleged in Respondents' California complaint all relate to the Distributorship Agreements and the Parties' relationship; [i.e.,] Respondents allege that they should have been treated as Matco employees and seek relief for alleged violations of the California Labor Code and usury law." (*Id*. at p. 6.)

Matco next maintains that Respondents have no basis on which to invalidate the arbitration clause. In this regard, and citing Sections 12.12 and 12.13 of the Agreements, Matco asserts that "the Distributorship Agreements unambiguously require the application of Ohio law" regarding the availability of any state contractual defenses. (*Id*.) Applying Ohio choice of law principles, Matco argues that the parties' choice of law clause identifying Ohio law as the governing law, is enforceable and should be upheld. (*Id*. at p. 7-8.) Matco argues that Respondents do not have any valid contractual defenses under Ohio law, including either procedural or substantive unconscionability. (*Id*. at pp. 8-11.) Lastly, Matco argues that this Court should not consider whether the Private Attorney General Act ("PAGA") claim waiver provision is valid as this is an issue that is reserved for the arbitrator. (*Id*. at pp. 11-12.) Even if the Court were to consider this argument, Matco argues that the PAGA claim waiver does not invalidate the parties' Agreement because Ohio law permits such waivers. (*Id*. at pp. 12-14.)

In response, Respondents argue, first, that this Court lacks subject matter jurisdiction over the instant dispute because Matco has failed to demonstrate Article III standing. (Doc. No. 18 at p. 4-6.) Even assuming *arguendo* that Matco has standing, Respondents argue that the parties' arbitration clause is invalid and unenforceable. (*Id*. at pp. 6-20.) Respondents maintain that California (as

13

opposed to Ohio) law controls the instant dispute because California has a materially greater interest in this matter, and the application of Ohio law would violate the public policy of California. (*Id.*)

Respondents next assert that, in light of the California district court's holding in *Fleming, supra*, Matco is collaterally estopped from enforcing the Agreements' arbitration and forum selection clauses in the instant case because (1) the enforceability of Matco's exact same arbitration clause was raised and actually litigated in *Fleming*, and necessary to a decision in that case; (2) the *Fleming* decision constitutes a final judgment on the merits; and (3) Matco had a full and fair opportunity to litigate the enforceability of the arbitration provision in the *Fleming* case. (*Id.*)

Regardless of any preclusive effect of *Fleming,* Respondents maintain that the Agreements are independently unenforceable for the same reasons articulated in *Fleming*; i.e., because (1) the PAGA claim waiver is invalid under California and Ninth Circuit law, and (2) the forum selection clause is unenforceable because it violates California public policy. (*Id.*) Lastly, Respondents argue that the arbitration clause is invalid because it is both procedurally and substantively unconscionable under California law. (*Id.*)

As Respondents' argument that Matco lacks Article III standing to bring the instant action calls into question this Court's subject matter jurisdiction, the Court must first address such argument. *See e.g, Kuns v. Ford Motor Co.*, 543 Fed. Appx. 572, 574 (6th Cir. 2013); *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).

### A. Standing

Respondents argue that Matco lacks standing because it "has not established the 'injury in fact' that is an indispensable prerequisite for Article III standing; rather, Matco admits that it seeks to force arbitration of dismissed claims that Respondents have long abandoned." (Doc. No. 18 at p.

14

4.)  They further assert that Matco has failed to plausibly demonstrate that Respondents refused a formal (or informal) arbitration demand before filing its Petition.  (*Id.*)  Respondents maintain that they have not, in fact, refused to arbitrate under 9 U.S.C. § 4; "[r]ather, they have chosen not to litigate their claims at all, as is their right."  (*Id.* at p. 5.)

Matco argues that it has standing because "Respondents' filing of the California action interfered with Matco's legal interest, causing Matco to expend resources by suing Respondents to compel arbitration, and its continued existence on March 25, 2019 compels a finding that Matco suffered and continued to suffer an injury."  (Doc. No. 19 at p. 2.)  In addition, Matco asserts that it "may be forced to incur costs petitioning this Court to compel arbitration if Respondents again file suit in court," which it claims is sufficient to confer standing.  (*Id.*)

 "Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies.'"  *Hein v. Freedom From Religion Found., Inc*., 551 U.S. 587, 597–98 (2007) (alteration in original) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, (2006)).  The case-or-controversy requirement is satisfied only where a plaintiff has standing. *See Sprint Communications Co. v. APCC Services, Inc*., 554 U.S. 269, 273 (2008).  As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing.  *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016).  "Whether a plaintiff has standing to sue is 'determined as of the time the complaint is filed.'"  *Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001)).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted).  "Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.'" *Id*. at 560–61 (quoting *Simon v. Eastern Ky. Welfare Rights Org*., 426 U.S. 26, 41–42 (1976)).  "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561(internal quotation marks and citation omitted).

"In the context of claims for injunctive or declaratory relief," the threatened injury in fact must be "concrete and particularized," as well as "actual and imminent, not conjectural or hypothetical[.]" *Sumpter v. Wayne Cty*., 868 F.3d 473, 491 (6th Cir. 2017) (quoting *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009)).  *See also Sullivan,* 920 F.3d at 407-408.  "A 'concrete' injury must be '*de facto'*; that is—it must actually exist."  *Spokeo*, 136 S.Ct. at 1548.  "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individualized way.'"  *Id*. (quoting *Lujan,* 504 U.S. at n. 1.)  "Past exposure to illegal conduct" is insufficient to demonstrate an injury in fact that warrants declaratory or injunctive relief unless the past injury is accompanied by "continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974); *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001).

Here, the Court finds that Matco has failed to demonstrate the first fundamental element of Article III standing; i.e., an injury in fact.   As set forth *supra*, at the time the instant Petition was filed, Goro and the Aguileras had stipulated to the voluntary dismissal of their state law claims against Matco.  Email correspondence between counsel for the parties indicates that, on March 13, 2019, counsel for Respondents asked counsel for Matco if it would be willing to stipulate to a voluntary

dismissal under Fed. R. Civ. P. 41(a)(1)(A)(ii).  (Doc. No. 17-2 at PageID# 598.)  Although counsel for Matco voiced a preference for a voluntary dismissal with prejudice, Matco nonetheless agreed to and signed a Stipulated Dismissal of Respondents' claims without prejudice.  (*Id*. at PageID# 602-603.)  The Stipulation of Dismissal was filed in the California proceeding on Friday, March 22, 2019. *See Aguilera, et al. v. Matco Tools Corp*., Case No. 4:19cv321 (N.D. Cal.) (Doc. No. 17.)  Matco filed the instant Petition to Compel Arbitration "of any and all claims by Respondents" three days later, on Monday, March 25, 2019.  (Doc. No. 1.)

Thus, at the time the Petition was filed, it is undisputed that Goro and the Aguileras had dismissed their state law claims against Matco, and Matco had stipulated their agreement to that dismissal.  In light of the above, the Court finds that Matco has failed to demonstrate a "concrete and particularized," as well as "actual and imminent," injury or threatened injury.  *Sumpter*, 868 F.3d at 491. *See e.g., Downing v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 725 F.2d 192, 195 (2nd Cir. 1984) ("Unless Merrill Lynch commences litigation . . ., it is not in default of any arbitration agreement it may have with Downing.  Absent such default, arbitration cannot be compelled under Section 4 [of the FAA].")

Matco argues, however, that it did, in fact, have standing at the time the Petition was filed because the court did not enter the Stipulated Dismissal and formally dismiss the case until March 26, 2019, one day after Matco filed the instant Petition.  The Court finds this argument to be disingenuous, at best, and rejects it as without merit.  Although the California court did not formally dismiss the case until one day after the instant Petition was filed, the critical fact for standing purposes is that the parties had already filed a court document stipulating to the voluntary dismissal of Goro and the Aguileras' claims at the time Mato filed the instant Petition.  While Matco complains that the

dismissal was without prejudice, it is undisputed that Matco affirmatively agreed to that dismissal by signing the Joint Stipulation that was filed on March 22, 2019.  Under these particular circumstances, the Court finds that Matco has failed to demonstrate that it faced a concrete and particularized injury at the time it filed the instant Petition.[7]

Nonetheless, Matco argues that it has standing because Respondents have refused to arbitrate their state law claims.[8]  This argument, however, puts the horse before the cart.  As discussed above, Respondents dismissed their state law claims against Matco prior to the filing of the instant Petition. Moreover, Matco has not cited any evidence that Respondents have since refiled their claims against Matco or threatened to do so.  Matco cites no authority for the position that it would be appropriate to compel arbitration of claims that are neither threatened or asserted.[9]  To the contrary, several courts have declined to compel arbitration when faced with similar circumstances.  *See e.g., Downing*, 725

---

[7] To the extent Matco argues that Respondents' refusal to dismiss their claims with prejudice is sufficient to demonstrate an injury in fact, the Court rejects this argument.  Matco has not alleged, or directed this Court to any evidence indicating, that Goro and/or the Aguileras have refiled their claims or threatened to do so.  The fact that there may be some hypothetical possibility that Respondents might, at some point, refile their state law claims is not sufficient to show an injury in fact for purposes of Article III standing.  *See Lujan*, 504 U.S. at 560 (explaining that an 'injury in fact' must be an invasion of a legally protected interest which is (a) concrete and particularized, and (b) *actual or imminent, not conjectural or hypothetical*.") (emphasis added).

[8] Matco's Petition does not seek an order compelling Goro and the Aguileras to arbitrate any claims that Matco may have against Respondents relating to the underlying Distributorship Agreements.

[9] Matco's reliance on *CMH Homes, Inc. v. Browning*, 2015 WL 1276729 (S.D. W. Va. March 19, 2015) is misplaced. First, CMH Homes is an unreported district court decision from outside the Sixth Circuit and is, therefore, not binding on this Court.  Second, *CMH Homes* is distinguishable.  In that case, petitioner sought to compel arbitration after the respondents filed a consumer complaint with the West Virginia Division of Labor regarding alleged defects in a manufactured home they had purchased from petitioner.  Respondents also threatened to file a lawsuit against petitioner on the same basis.  The district court found petitioner had standing to file its petition to compel arbitration in light of the fact that (1) respondents initiated a consumer complaint against petitioner that was **still pending**; and (2) respondents refused to arbitrate despite petitioner's express written demand for arbitration.  *Id*. at * 5.  The instant case is distinguishable because, unlike in *CMH Homes*, Respondents were not asserting any claims against Matco when the Petition to Compel Arbitration was filed.  Rather, and as has been noted repeatedly above, Respondents dismissed their claims and have not refiled them or threatened to refile them.

18

F.2d at 195-196 (affirming denial of motion to compel arbitration against employer relating to non-compete agreement where employer had not commenced litigation against employee); *Paul Revere Variable Annuity Ins. Co. v. Kirschhofer*, 226 F.3d 15, 24-25 (1st Cir. 2000) (affirming denial of petition to compel arbitration on basis of lack of standing where petitioner had "secured a dismissal with prejudice [and] face[d] no realistic risk of significant harm.") *See also Airline Professionals Ass'n of the Int'l Brotherhood of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc., et al*, 332 F.3d 983, 988 (6th Cir. 2003) ("The mere fact that Plaintiff is presently uncertain as to whether Side Letter 8 binds Defendant is not an injury-in-fact because Plaintiff does not allege that Defendant is currently engaging or threatening to engage in activity that Side Letter 8 might implicate. . . . It is possible that Defendant will never behave in a manner that would violate Side Letter 8 . . . . Consequently, the only injury Plaintiff will definitely suffer is abstract uncertainty about whether the arbitration clause binds Defendant.  Plaintiff had to allege more.").

Accordingly, and for all the reasons set forth above, the Court finds that Matco has failed to demonstrate an injury in fact sufficient to confer Article III standing in the present dispute.  Therefore, this Court lacks subject matter jurisdiction and Matco's Petition to Compel Arbitration is denied.

## IV. Conclusion

For all the reasons set forth above, Matco's Petition to Compel Arbitration is DENIED.

**IT IS SO ORDERED.**


*s/Pamela A. Barker*
PAMELA A. BARKER
Date: May 19, 2020                    U. S. DISTRICT JUDGE

19